UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

   -against-                                          1:01-CR-017
                                                                         (LEK)

KURT KAVOUKIAN,

                    Defendant.
_____

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On July 12, 2002, Defendant Kurt Kavoukian ("Defendant" or "Kavoukian") was found guilty of knowingly making a firearm silencer, in violation of 26 U.S.C. §§ 5822, 5861(f) & 5871, and knowingly possessing a firearm silencer in violation of 26 U.S.C. §§ 5841, 5861(d) & 5871. Jury Verdict (Dkt. No. 83). On February 25, 2003, Defendant was sentenced to a total term of thirty-five months on each count to run concurrently and was ordered to serve three years of supervised release. Sentencing Minutes (Dkt. No. 96).

The United States Probation Department for the Northern District of New York filed a petition on October 24, 2005 alleging a violation of Defendant's conditions of supervision as a result of Kavoukian's failure to appear for a scheduled DNA blood drawing on August 24, 2005 and September 22, 2005. Defendant has now made a motion seeking dismissal of the petition charging him with a violation of the conditions of his supervised release. Notice of Motion (Dkt. No. 117). The Government opposes this motion. Gov't Memo. (Dkt. No. 118). For the reasons that follow, Defendant's motion is denied.

1

**II.     DISCUSSION**

On December 19, 2000, the DNA Analysis Backlog Elimination Act ("DNA Act"), 42 U.S.C. §§ 14135-14135(e) became effective. The provision of the DNA Act relevant to the instant issue provides:

> The Probation Office responsible for the supervision under federal law of an individual on probation, parole, or supervised release shall collect a DNA sample from each such individual who is, or has been, convicted of a qualifying federal offense . . .

42 U.S.C. § 14135(a)(2).

The parties do not dispute that as originally enacted, neither of Defendant's crimes, knowingly making or possessing a firearm silencer, constituted a "qualifying federal offense" under the DNA Act. In October of 2004, the DNA Act was amended to expand what constitutes a qualifying federal offense. In relevant part, the DNA Act was amended to include the following language:

> (D) Qualifying Federal Offenses
>
> The offenses that shall be treated for purposes of this section as qualifying federal offenses are the following offenses, as determined by the Attorney General:
>
> (1) Any felony.
> (2) Any offense under chapter 109A of Title 18.
> (3) Any crime of violence (as that term is defined in section 16 of Title 18).
> (4) Any attempt or conspiracy to commit any of the offenses in paragraphs (1) through (3).

42 U.S.C. § 14135a(d). Defendant does not dispute that his 2002 convictions now constitute qualifying federal offenses for purposes of the DNA Act. Def. Memo. (Dkt. No. 117) at 5. The DNA Act provides that the failure to cooperate in the collection of the DNA sample is a

2

misdemeanor offense.  42 U.S.C. § 14135a(a)(5).

    **A.    The DNA Act is not impermissibly retroactive.**

Defendant argues that Congress did not clearly and unambiguously express its intent to apply the DNA Act and its amendments retroactively and that the DNA Act otherwise has an improper retroactive effect because it imposes a new condition on his term of supervised release. Def. Memo. (Dkt. No. 117) at 8-9.

In both <u>INS v. St. Cyr</u>, 533 U.S. 289 (2001), and <u>Landgraf v. USI Film Products</u>, 511 U.S. 244 (1994), the Supreme Court addressed whether it is permissible to apply an act of Congress retroactively and articulated a two-step test to make such a determination.  First, the Court should "ascertain whether Congress has directed with the requisite clarity that the law be applied retrospectively."  <u>United States v. Reynard</u>, 220 F. Supp. 2d 1142, 1147 (S.D. Cal. 2002) (quoting <u>St. Cry</u>, 533 U.S. at 316).  If the court finds that Congress did intend for the Act to apply retrospectively, "the statute applies retroactively in accordance with clear congressional intent, and the court need not proceed to step two."  <u>Reynard</u>, 220 F. Supp. 2d at 1147.  "However, if the statute and the legislative history do not clearly specify whether Congress intended the statute to apply retrospectively, courts are to proceed to step two and determine whether application of the provision in question would have a retroactive effect."  <u>Id.</u>  (citing <u>Landgraf</u>, 511 U.S. at 280).

The Court finds that Congress did intend for the DNA Act and its amendments to apply retrospectively.  "By its plain terms, the DNA Act applies to 'an individual on probation, parole, or supervised release . . . who is, *or has been*, convicted of a qualifying Federal offense . . . .'" <u>United States v. Stonner</u>, No. 1:94-CR-126, slip op. at *10 (N.Y.N.D. Sept. 14, 2005) (McAvoy,

S.D.) (quoting 42 U.S.C. § 14135a(2) (emphasis added)); United States v. Bianco, No. 1:97-CR-0145, slip op. at *2 (N.Y.N.D. Nov. 22, 2005) (McAvoy, S.D.) (same); see also United States v. Hartshorn, No. 04-41608, 2006 U.S. App. LEXIS 1534, at *12 (5th Cir. Jan. 20, 2006) ("The DNA Act indicates an intention for retroactive application in authorizing the collection of DNA from any defendant who 'is, or has been, convicted of a qualifying Federal offense.'"). "By providing that the DNA Act and its amendments are to apply to persons on supervised release who have previously been convicted of a Federal felony, Congress clearly contemplated application of the statute to persons in [Defendant's] situation." Stonner, No. 1:94-CR-126, slip op. at *10; Bianco, No. 1:97-CR-0145, slip op. at *2. Congress's use of the past tense "has been" can only mean that it was its intention that the DNA Act apply to all past qualifying Federal offenses.

Since Congress did intend for the DNA Act to be retroactive, the Court need not address step two of St. Cry and Landgraf. The DNA Act is retroactive and does not otherwise have an impermissible retroactive effect on Defendant.

**B.     The DNA Act does not violate the *ex post facto* clause.**

Alternatively, Kavoukian asserts that even if the DNA Act is retroactive, its application violates the *ex post facto* clause of the United States Constitution. Def. Memo. (Dkt. No. 117) at 8. Defendant contends that application of the DNA Act violates the *ex post facto* clause because (1) it criminalizes an action, namely refusing to submit to DNA collection, that was innocent prior to the passage of the DNA Act, and (2) it increases the punishment for a prior crime by exposing him to possible revocation of his supervised release and conviction of a misdemeanor crime. Id. at 10.

4

The *ex post facto* clause provides that "no ex post facto Law shall be passed." U.S. Const. Art. I, @ 9, cl. 3. The clause has been more clearly defined by the Supreme Court:

> It is settled, by decisions of this Court so well known that their citation may be dispensed with, that any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time that the act was committed, is prohibited as ex post facto.

Collins v. Youngblood, 497 U.S. 37, 42 (1990) (quoting Beazell v. Ohio, 269 U.S. 167, 169-70 (1925)).

The Court will first address Defendant's contention that the DNA Act retroactively criminalizes conduct that was that was innocent prior to the passage of the DNA Act. The crime for failing to provide DNA is a separate offense that is subject to punishment. The DNA Act criminalizes Defendant's 2005 refusals to comply with the previously enacted 2004 amendment to the DNA Act. Thus, if Defendant is convicted of a misdemeanor pursuant to 42 U.S.C. § 14135a(a)(5), the conviction will criminalize a new act rather than increase the punishment for an old act. Vore v. United States Dep't of Justice, 281 F. Supp. 2d 1129, 1138 (D. Ariz. 2003); United States v. Sczubelek, 255 F. Supp. 2d 315, 325 (D. Del. 2003); United States v. Reynard, 220 F. Supp. 2d 1142, 1160 (S.D. Cal. 2002). "It is hornbook law that no *ex post facto* problem occurs when the legislature creates a new offense that includes a prior conviction as an element of the offense, as long as the other relevant conduct took place after the law was passed." Russell v. Gregoire, 124 F.3d 1079, 1088-89 (9th Cir. 1997) cert. denied, 523 U.S. 1007 (1998). Therefore, the DNA Act does not violate the *ex post facto* clause by criminalizing Defendant's refusal to submit to a DNA collection.

5

Next, the Court will turn to Defendant's contention that the DNA Act increases the punishment for a prior crime. While the Supreme Court has not considered a claim that a DNA collection statute constitutes a retroactive punishment forbidden by the *ex post facto* clause, the framework for analyzing such a claim is well established.

Determining whether a new law creates a punishment that disadvantages Defendant for *ex post facto* purposes involves a two-step inquiry. Doe v. Pataki, 120 F.3d 1263, 1274-76 (2d Cir. 1997). As the Supreme Court has held:

> If the intention of the legislature was to impose punishment, that ends the inquiry. If, however, the intention was to enact a regulatory scheme that is civil and nonpunitive, we must further examine whether the statutory scheme is so punitive either in purpose or effect as to negate [the Legislature's] intention to deem it "civil".

Smith v. Doe, 538 U.S. 84, 92 (2003) (internal quotations and citations omitted); see also United States v. Ursery, 518 U.S. 267, 277-78 (1996). Defendant concedes that the intention of the DNA Act is to build a DNA database and is therefore not punitive. Def. Memo. (Dkt. No. 117) at 11; see also United States v. Hook, No. 04 CR 1045, 2006 U.S. Dist. LEXIS 2386, at *21 (N.D. Ill. Jan. 20, 2006); Meier, 2002 U.S. Dist. LEXIS 25755, at *8-9 (D. Or. Aug. 6, 2002). Kavokain instead argues that the law is so punitive in effect as to negate the non-punitive legislative intent. Def. Memo. (Dkt. No. 117) at 11.

This argument has repeatedly been rejected and the Court adopts the reasoning of those other cases. See Johnson v. Quander, 440 F.3d 489, 503 (D.C. Ct. of Appeals 2006) ("[T]he DNA Act . . . [is] "punitive" in neither purpose nor effect."); Meier, 2002 U.S. Dist. LEXIS 25755, at *8-9 ("The presence of a penalty for failure to comply does not necessarily make the statute punitive in purpose or effect. Since the primary purpose of the DNA Act is to assist in

6

identifying, arresting, and prosecuting criminals, a penalty for failure to comply does not overcome the nonpunitive legislative intent in this case."); Reynard, 220 F. Supp. 2d at 1162; Hook, 2006 U.S. Dist. LEXIS 2386, at *21; Hartshorn, 2006 U.S. App. LEXIS 1534, at *12; Word v. United States Prob. Depart., 05-2689-GRA, 2006 U.S. Dist. LEXIS 48396, at *33 (D.S.C. July 13, 2006); United States v. Stegman, 295 F. Supp. 2d 542, 547-48 (D. Md. 2003); Vore, 281 F. Supp. 2d at 1138.  The Court finds that the DNA Act is not punitive in either its intent or effect and as a result does not violate the *ex post facto* clause.

### C. The DNA Act does not violate Defendant's free exercise right.

Defendant contends that providing a DNA sample constitutes an intrusion into his body which is prohibited by his religion and therefore violates his right to free exercise of religion under the First Amendment of the United States Constitution.  Kavoukian Decl. (Dkt. No. 117) at ¶ 8; Def. Memo. (Dkt. No. 117) at 11.

The First Amendment provides that: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise therof . . ."  U.S. Const. Amend. I.  "It is not a violation of the Free Exercise Clause to enforce a generally applicable rule, policy, or statute that burdens a religious practice, provided the burden is not the object of the law but merely the 'incidental effect' of an otherwise valid neutral provision."  Seabrook v. City of New York, No. 99-9169, 2000 U.S. App. LEXIS 6218, at *3-4 (2d Cir. Apr. 4, 2000) (citing Employment Div. v. Smith, 494 U.S. 872, 878-79 (1990)); see also Okwedy v. Molinari, No. 01-7941, 2003 U.S. App. LEXIS 13014, at *4 (2d Cir. June 25, 2003); Fifth Ave. Presbyterian Church v. City of New York, 293 F.3d 570, 574 (2d Cir. 2002).  The Second Circuit has therefore "repeatedly refused to find free exercise violations where the laws or rules at issue 'do

7

not bar any particular religious practice,' Bronx Household of Faith v. Community Sch. Dist. No. 10, 127 F.3d 207, 216 (2d Cir. 1997), or where the plaintiff does not even allege that the rule targets or was motivated to prohibit certain religious beliefs, see e.g., United States v. Amer, 110 F.3d 873, 878 (2d Cir. 1997)." Seabrook, 2000 U.S. App. LEXIS 6218, at *6.

Defendant does not contend that the object of the DNA Act is to burden a religious practice and the courts have consistently found that the object of the DNA Act is to establish a federal DNA database to assist in the identification, arrest, and prosecution of criminals. See Stonner, No. 1:94-CR-126, slip op. at *10; Bianco, No. 1:97-CR-0145, slip op. at *2; Hook, 2006 U.S. Dist. LEXIS 2386, at *21. On its face, the DNA Act is a neutral statute that applies to anyone convicted of a felony and without regard to such person's religious affiliation or ideology. Therefore, the Court finds that the DNA Act does not violate Defendant's right to free exercise of religion under the First Amendment.

### III.  CONCLUSION

Accordingly, it is hereby

ORDERED that Defendant's motion seeking dismissal of the October 24, 2005 petition alleging a violation of Defendant's conditions of supervision and relief from the requirements of the DNA Analysis Backlog Elimination Act, 42 U.S.C. § 14135 et seq. (Dkt. No. 117) is **DENIED**; and it is further

ORDERED that Defendant shall promptly contact his Probation Officer to effectuate compliance with the DNA Act; and it is further

ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.

DATED:     July 20, 2006
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge